**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WAYNE PICKERING,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>KEN CLARK, Warden at SATF; et al.,<br><br>        Defendants - Appellees. | No. 13-16138<br><br>D.C. No. 1:11-cv-00937-LJO-DLB<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted July 22, 2014[**]

Before:    GOODWIN, CANBY, and CALLAHAN, Circuit Judges.

    Wayne Pickering, a California state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate

indifference to his serious medical needs and violations of his First Amendment

rights.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)).  We affirm in part, reverse in part, and remand.

The district court properly dismissed Pickering's First Amendment retaliation claim because Pickering failed to allege facts showing that prison officials took adverse action against him because he filed grievances.  *See Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (setting forth the elements of a retaliation claim in the prison context).

The district court properly dismissed Pickering's claim alleging that defendants violated his constitutional rights in the processing and handling of his prison grievances because prisoners do not have a "constitutional entitlement to a specific prison grievance procedure." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

The district court properly dismissed Pickering's Eighth Amendment claims against defendants Green, Salmi, Lee, Rotman, Byers, Lewis, Clark, Metts, Liu, and Pierre because Pickering failed to allege facts showing that these defendants were deliberately indifferent to Pickering's serious medical needs.  *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (a prison official is deliberately indifferent

only if he or she "knows of and disregards" an excessive risk to inmate health or safety); *Toguchi v. Chung*, 391 F.3d 1051, 1058-60 (9th Cir. 2004) (neither a difference of opinion concerning the course of treatment nor mere negligence in diagnosing or treating a medical condition amounts to deliberate indifference); *see also Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (discussing the requirements for establishing supervisory liability).

However, dismissal of Pickering's Eighth Amendment claim against defendant Enenmoh was premature at this early stage of the proceedings. Pickering alleged that although Enenmoh knew of Pickering's pain, Enenmoh changed Pickering's physician requests from urgent to routine and from a total knee replacement surgery to a consultation with an orthopedic surgeon. These allegations, liberally construed, were "sufficient to warrant ordering [Enenmoh] to file an answer." *Wilhelm v. Rotman*, 680 F.3d 1113, 1116 (9th Cir. 2012); *id.* at 1123 (doctor's awareness of need for treatment followed by unnecessary delay in implementing the prescribed treatment sufficient to plead deliberate indifference). Accordingly, we reverse the district court's judgment as to the Eighth Amendment claim against defendant Enenmoh, and remand for further proceedings.

We do not consider Pickering's contentions regarding the original complaint and the first amended complaint because what is before us is the dismissal of the

second amended complaint.

**AFFIRMED in part, REVERSED in part, and REMANDED.**